CALEB E. ESTABROOK *vs.* HARRY M. HUGHES.

York.     Opinion, May 17, 1935.

*Willard & Willard*, for plaintiff.
*Clifford E. McGlauflin*, for defendant.

SITTING: PATTANGALL, C. J., DUNN, STURGIS, BARNES, THAXTER, HUDSON, JJ.

BARNES, J.     This is an action on account annexed, with omnibus count attached.

The plea is the general issue with brief statement, that plaintiff and defendant were co-partners, under the firm name of Hughes & Estabrook, during all the period for which the plaintiff claims compensation; that all his services were services performed for the firm, and that no final settlement has been arrived at between the partners.

After trial, before a jury, resulting in a verdict for plaintiff, defendant brings the case up on a general motion.

In the late summer of 1928 plaintiff and defendant, then residents respectively of Presque Isle and of Mapleton, in Aroostook County, the former for ten years the driver of a Standard Oil Company truck, the latter a dealer in machinery, automobiles and their accessories, and a man of experience in growing potatoes, began search for a desirable farm in central or southern Maine.

They made three or more trips, inspecting farms from Newport to Buxton, as defendant says thirty-four in all.

The records show that plaintiff understood at the outset that the farm stock and equipment were to be bought and owned in equal shares by the two; that he should live on the farm and work it, with necessary help furnished by the two, and be allowed wages out of the profits of the venture.

When the farm was purchased and stocked, in the winter and spring of 1929, the plaintiff had no money in hand, and could pay nothing.

He later received a soldier's bonus and a gift of $300 from his father, which he contributed to the venture.

Defendant took the deed of a Buxton farm, in his name, placed thereon a small dairy herd, horses, seed, fertilizer, and equipment, and the plaintiff moved in as farmer.

Until the latter part of March, 1934, plaintiff struggled on in the dairy operation; results financially disappointing.

While the evidence shows that plaintiff made a slight investment of money, he never contributed any material part of the investment, and no settlement was ever made with him as to wages.

In the account sued upon he charges himself with $1,329.47 more than he had invested. The defense is that the relation of these men was that of partners. By the great weight of authority a partnership inter sese may be determined from the declarations, acts, con-

duct and dealings of the parties, and from the circumstances which may interpret the agreement between them.

The report abounds in evidence that for many months there was no thought of any relation other than that of partnership.

Justice can not be done between the parties, on the evidence before us, and in the action at law.

It is clear however, that settlement in court must be arrived at on the equity side.

In conformity then with the provisions of R. S., Chap. 96, Sec. 17, as in *Waldo Lumber Co.* v. *Metcalf*, 132 Me., 374, 171 A., 395, the pleadings at law are to be struck out, the parties to plead anew in equity, and the action will stand transferred to the equity docket for the County of York there to be heard and determined under appropriate procedure.

In the final decree, the cost of the action at law, including cost of appeal to the Law Court, to be a charge against this plaintiff.

*So ordered.*